UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON SEBASTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00177-SRW |
| | ) |
| DAN BULLOCK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiff's Motion to Reconsider. Doc. [9]. The Court has reviewed the motion and finds it should be denied.

On May 30, 2024, the Court issued an order requiring Plaintiff to file an amended complaint on a Court-provided form within thirty days. Doc. [6]. The order explained that the original complaint made allegations specific to other plaintiffs who were no longer involved in the case. Plaintiff did not comply with the order, and the Court dismissed the action on July 22, 2024. Doc. [7].

Plaintiff filed the instant motion on August 12, 2024. Doc. [9]. He states that on June 3, 2024, he "handed Officer Rayoum the finished amended complaint to send out[.]" *Id.* He argues he "should not be penalized" for a "corupt [sic] jail or an incompitent [sic] postal service." *Id.* Plaintiff's motion is dated August 3, 2024, and the envelope suggests it was mailed on August 9, 2024. *Id.*

Plaintiff does not cite a particular legal standard or rule for the relief sought. Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to "relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).

Having reviewed the motion, the Court finds there is no basis for relief under Rule 60(b). Plaintiff attributes the delay in filing his amended complaint to a "corrupt jail" and "incompetent postal service." Plaintiff's conclusory allegations are insufficient to excuse the delay. In fact, despite Plaintiff's assertions, the Court received the present motion within four days of its postmark date.

In any event, Plaintiff still has not complied with the Court's Order dated May 30, 2024. Along with his Motion to Reconsider, he submitted only scattered portions of an amended complaint. Allowing the case to proceed based on these incomplete portions of an amended complaint would be futile because the partial complaint would subject the case to dismissal under 28 U.S.C. § 1915(e)(2)(B). What is more, the Court dismissed this action without prejudice. Plaintiff has not explained any need to provide him with the extraordinary relief he requests in light of the implications of the dismissal. *See Mullen v. Taylor*, 2:10-cv-02019, 2011 WL 2293122, at *1 (W.D. Ark. June 9, 2011) ("Implicit within an order dismissing an action without prejudice is the fact that the action can be refiled if the plaintiff so desires."). For these reasons, the Court will deny Plaintiff's Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 9) is **DENIED**.

Dated this 31st day of October 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE